FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 22 2010 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Darlene Calderon individually and
on behalf of all others similarly situated

)
)
) (SI)
)
Plaintiff, )
) No. CV 10 5433
v. )
)
Stoneleigh Recovery Associates, LLC. ) CLASS ACTION COMPLAINT
)
Defendant. ) JURY DEMANDED

SPATT, J.
TOMLINSON, M

**Class Action Complaint for Violations of the Fair Debt Collection Practices Act**

**Introduction**

1. Plaintiff DARLENE CALDERON ("Plaintiff" or "Calderon") files this Complaint seeking redress for the illegal practices of Stoneleigh Recovery Associates, LLC ("Defendant" or "Stoneleigh"), in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

**Parties**

2. Plaintiff Darlene Calderon is a citizen of New York State who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

4. The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for the

1

purchase of household and personal products and no part of the alleged debt was incurred for business related items or services.

5. Defendant is regularly engaged in the collection of debts allegedly due to others.

6. Defendant is a "debt collector," as defined by FDCPA § 1692a(6).

### Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

9. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

10. Venue is also proper in this district since Defendant transact business in this district.

### Factual Allegations

11. On or about September 9, 2010 Defendant sent an initial letter to Plaintiff, a copy of which is attached as <u>Exhibit A</u>, in an attempt to collect a consumer debt, allegedly due to HSBC Bank  The full content of Exhibit A is incorporated herein.

12. Exhibit A falsely threatened Plaintiff with a lawsuit if Plaintiff did not settle the alleged debt.

13. Defendant did not intend on filing a lawsuit against the Plaintiff.

14. The language threatening suit contained in Exhibit A "overshadows" and/or "contradicts" the validation notice provided by Defendant on Exhibit A. The least sophisticated consumer receiving Exhibit A would be unsure whether he may be sued within the 30 day period

provided by 15 USC 1692g, and whether such suit could continue if the Plaintiff requested verification of the debt, or disputed the debt, pursuant to 15 USC 1692g. Exhibit A fails to explain that the threatened legal action contained on the front of Exhibit A does not "trump" the validation notice contained on the back of Exhibit A.

15. Collection letters, such as Exhibit A, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer." (*Russell v. Equifax A.R.S.*, 74, F. 3d. 30 (2d Cir. 1996).

15. Exhibit A is a form letter.

16. Upon information and belief, Defendant sent form letters containing language substantially similar or materially identical to that contained in Exhibit A to hundreds of consumers in New York.

### *Class Action Allegations*

17. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    a.    Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the classes are so numerous that joinder of all members is impractical.

    b.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A violates the FDCPA.

    c.    The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

    d.    Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories

     and Plaintiff's interests are consistent with the interests of the class.

  e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

18. A class action is superior for the fair and efficient adjudication of the class members' claims.

19. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

20. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

21. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22. If the facts are discovered to be appropriate, Defendant will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

23. This Count is brought by Plaintiff, individually, and on behalf of a class consisting of all persons who, according to Defendant's records: (a) have mailing addresses within New York State; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to the letter sent to Plaintiff, attached as <u>Exhibit A</u>; (d) which was not returned by the postal service as undelivered.

24. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## Count I

## Violations of the Fair Debt Collection Practices Act

25. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

### The September 9, 2010 letter

26. By sending Exhibit A, Defendant violated numerous provisions of the FDCPA, including 15 U.S.C. §§1692 e, e(5), e(10), f, g(a), and g(b).

29. Exhibit A violated 15 U.S.C. § 1692e, e(5) and e(10), by falsely threatening to sue the Plaintiff when the Defendant had no intention to sue the Plaintiff, This is also an unfair and unconscionable act under 15 U.S.C. § 1692f.

30. Exhibit A also violated 15 U.S.C. § 1692g(a) and 15 U.S.C. § 1692g(b), by not adequately and providing the Plaintiff with the notices required by such provisions. This is also an unfair and unconscionable act under 15 U.S.C. § 1692f.

31. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff.

32. As a result of Defendant deceptive and unfair debt collection practices, Defendant is liable to Plaintiff.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

    (A)    Statutory damages as provided by § 1692k of the FDCPA;

    (B)    Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(C)  Declaratory relief declaring that Exhibit A violates the FDCPA; and

(D)  Any other relief this Court deems appropriate and just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: West Islip, New York
November 21, 2010

RESPECTFULLY SUBMITTED,

_____
Joseph Mauro, Esq.
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
(631) 669-0921

Exhibit A


P.O.Box 1441
Lombard IL 60148

ADDRESS SERVICE REQUESTED



Office Hours:
Monday – Thursday 8am-8pm
Friday 8am – 5pm

(630) 812-2813

Date: September 9, 2010
Original Creditor: HSBC BANK NEVADA NA
Original Acct #: ████████
SRA File No:: 433548
Balance Due:: $6,434.15

433548-0028  @@@  395301982

Darlene Calderon
18 Wrana Ln
Medford NY 11763-3516

### FIRST NOTICE

Dear Darlene Calderon:

This account has been purchased by Main Street Acquisition Corp. and has referred your delinquent account of $6,434.15 to this agency for collection. At this time, no attorney has personally reviewed the particular circumstances of your account. However, if you fail to contact this office and make arrangements to pay your account, we will begin the process of asking our client for authorization to refer your file to a local attorney for the purposes of filing suit.

If you have any interest in avoiding this action and possible further expenses, please pay your balance or call this office as soon as possible to make arrangements to pay your account. If you have any questions, please feel free to contact us at (877) 812-3933.

This notice has been sent by a collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This notice has been sent by a collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

If you have any questions, please feel free to contact Andrew Howard at (877) 812-8933 between the hours of 8:00 AM and 8:00 PM (CDT).

Regards,

*Andrew Howard*

Andrew Howard

This collection agency is licensed in New York City, License # 1274118.

---

TO ENSURE PROPER CREDIT, DETACH COUPON BELOW AND MAIL IN RETURN ENVELOPE
WITH YOUR PAYMENT. BE SURE THE RETURN ADDRESS APPEARS THROUGH THE
WINDOW OF THE REPLY ENVELOPE BEFORE MAILING.

|                    |                      |
|-------------------:|:---------------------|
| Date:              | September 9, 2010    |
| Original Creditor: | HSBC BANK NEVADA NA  |
| Original Acct #:   |                      |
| SRA File No::      | 433548               |
| Balance Due::      | $6,434.15            |

Stoneleigh Recovery Associates, LLC
PO Box 1441
Lombard IL 60148-8441

|..ll..ll......ll.l..ll..l.l..l..l..l.l..l..ll.l..l..lll.l..l

204GLSTONE010028

PLEASE PRINT ADDRESS CHANGES IN BOX BELOW

| New Address: | | |
|---|---|---|
| Home Phone: | ( | ) |
| Work Phone: | ( | ) |

Darlene Calderon
18 Wrana Ln
Medford NY 11763-3516